NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIO NOYOLA, | No. 18-35350 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-05041-EFS |
| v. | |
| STEVEN HAMMOND, M.D., Chief Medical Officer of the Washington Department of Corrections; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted March 12, 2019[**]

Before: LEAVY, BEA, and N.R. SMITH, Circuit Judges.

Washington state prisoner Mario Noyola appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo a district court's summary judgment on the basis of qualified immunity.  *Glenn v. Washington County*, 673 F.3d 864, 870 (9th Cir. 2011).  We affirm.

The district court properly granted summary judgment on Noyola's Eighth Amendment claim on the basis of qualified immunity because defendants' conduct did not violate clearly established law.  *See Plumhoff v. Rickard*, 572 U.S. 765, 778-79 (2014) (defendants sued under § 1983 are entitled to qualified immunity unless they violated a right that was clearly established; "a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it").

The district court did not abuse its discretion by denying Noyola's motion to alter or amend under Fed. R. Civ. P. 59(e) because Noyola failed to demonstrate any basis for relief.  *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Rule 59(e)).  Contrary to Noyola's contention, the district court considered the proper factors and adequately articulated its reasoning.

**AFFIRMED.**

2                                                                                    18-35350